SO ORDERED: June 06, 2006.

_____
**Basil H. Lorch III**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In Re: ) | |
| MICHAEL STEWART, ) | Case No. 04-01536 |
| RONDA R. COX, ) | |
|     Debtors. ) | |
| _____ ) | |
| BUD'S AUTO SALES, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Adv. No. 04-00211 |
| ) | |
| MICHAEL STEWART and ) | |
| RONDA R. COX, ) | |
|     Defendants. ) | |
| _____ ) | |

**ORDER**

This matter was initiated by the filing of a Complaint on March 12, 2004 and is before the Court on the Plaintiff's Motion for Summary Judgment filed on January 30, 2006. Because a Default Judgment was rendered against Michael Stewart on May 19, 2006, the Plaintiff is seeking judgment only against Ronda Cox by virtue of the instant Motion.

**Facts**

The Defendants, Michael Stewart and Ronda Cox, purchased a 1998 Ford Taurus, VIN # 1FAFP52V8WG145294, from the Plaintiff, Bud's Auto Sales, on October 18, 2002. The Defendants signed a Purchase Order which contained a clause that "Buyer agrees to furnish full coverage insurance." A Retail Installment Contract and Security Agreement [the "Contract"] entered into that same day had a similar provision providing that Defendants would name the Seller as "loss payee".

At some point, the automobile was involved in an accident and was deemed to be "totaled" by the insurance company. Because the Plaintiff was never named as loss payee on that policy, insurance proceeds were paid to the Defendants. After the Defendants defaulted on their obligations under the Contract, the Plaintiff sought to repossess its collateral only to find that it had been significantly damaged and the insurance proceeds dissipated.

The Defendant, Ronda Cox ["Cox"] is proceeding *pro se* in this matter. By her letter "Answer" to the allegations of the Complaint, she states that she did not understand her obligations under the Contract and did not realize that the Plaintiff had a claim to the insurance proceeds.

Discussion

Summary judgment is proper "if the pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Bankr.P. 7056(c). Having so stated, Bud's Auto Sales is pursuing a cause of action under section 523(a)(6) of the Bankruptcy Code. Plaintiff bears the burden of establishing, by a preponderance of the evidence, all the elements required to establish the exception to discharge under that section. *Grogan*

*v. Garner*, 498 U.S. 279, 291 (1991). Exceptions to discharge are to be construed strictly against a creditor and liberally in favor of a debtor. *In re Morris*, 223 F.3d 548, 552 (7th Cir. 2000).

Section 523(a)(6) provides that a debt will be excepted from discharge "for willful and malicious injury by the debtor to another entity or to property of another entity." In order to establish nondischargeability under this section, the Plaintiff must prove (1) that Cox intended to and caused an injury to it's property interest; (2) that Cox's actions were willful; and (3) that Cox's actions were malicious. *See, In re Mulder*, 307 B.R. 637, 641 (Bankr.N.D.Ill. 2004). As stated by the Supreme Court in *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998), "[t]he word 'willful' in (a)(6) modifies the word 'injury,' indicating that nondischargeability takes a deliberate or intention injury, not merely a deliberate or intentional act that leads to injury."

The Plaintiff has not met its burden of proof in regard to the willfulness of the injury. Because there exists a genuine issue of material fact in dispute, the Plaintiff's Motion for Summary Judgment is **DENIED**.

**SO ORDERED.**

###

Distribution:

Plaintiff
Plaintiff's Counsel
Defendant
U.S. Trustee

3